IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

JODI NIX,

        Plaintiff,

vs.

PARK CITY MUNICIPAL CORPORATION, a Utah municipal corporation, LLOYD D. EVANS, an individual and Chief of the Park City Police Department, PHIL KIRK, an individual and a Lieutenant in the Park City Police Department, THOMAS B. BAKALY, an individual and City Manager of the Park City Municipal Corporation,

        Defendants.

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Case No.  2:04cv01197TS

District Judge Ted Stewart

Magistrate Judge Samuel Alba

        This matter was before this Court for a hearing on August 16, 2006, on defendants Park City Municipal Corporation, Lloyd D. Evans ("Chief Evans"), Phil Kirk ("Lieutenant Kirk"), and Thomas B. Bakaly's ("Mr. Bakaly") (collectively "defendants") Motion for Summary Judgment.  Plaintiff Jodi Nix ("Ms. Nix") was represented at the hearing by Todd Utzinger of the Utzinger Law Office.  Defendants were represented at the hearing by Judith D. Wolferts of the law firm of Snow, Christensen & Martineau, and Thomas A. Daley, Sr., Assistant City Attorney for Park City Municipal Corporation (the "City").

Before the hearing, the Court carefully considered the memoranda and other materials submitted by the parties. After hearing oral argument by counsel, and now being fully advised, the Court issues the following Order:

The sole claim in the Complaint against defendants is pursuant to 42 U.S.C. § 1983, and alleges a violation of Ms. Nix's constitutional right to equal protection based on a class-of-one. In addition to other arguments, a defense of qualified immunity has been asserted by Chief Evans, Lieutenant Kirk, and Mr. Bakaly ("individual defendants"), while the City contends it cannot be liable because the individual defendants cannot be liable. The issue before this Court thus is whether or not the individual defendants are entitled to qualified immunity. The resolution of this question is based on an analysis by this Court of whether or not a constitutional or statutory right has been violated.

The Court first finds that the law in the area of a claimed constitutional violation in a class-of-one case requires a showing by plaintiff of ill-will, animus, or malice on the part of the individual defendants. The Court reaches this conclusion based on its understanding of the *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000)( per curium), where the United States Supreme Court forthrightly instructed the circuits that the circuits would have to flesh out the nature of class-of-one actions. Given this instruction by *Olech*, the Tenth Circuit clearly established in *MIMICS, Inc. v. City of Angel Fire*, 394 F.3d 836 (10th Cir. 2001), and more recently in *Orr v. City of Albuquerque*, 417 F.3d 1144 (10th Cir. 2005), that an individual asserting a class-of-one equal protection claim must prove that he or she was singled out for different treatment or persecution due to some personal animosity, ill-will or malice by the

defendant.  In the case of *Jennings v. City of Stillwater*, 383 F.3d 1199 (10th Cir. 2004), the court explained the reason for this high standard:

> In the wake of *Olech*, the lower courts have struggled to define the contours of class-of-one cases.  All have recognized that, unless carefully circumscribed, the concept of a class-of-one equal protection claim could effectively provide a federal cause of action for review of almost every executive and administrative decision made by state actors.  It is always possible for persons aggrieved by government action to allege, and almost always possible to produce evidence, that they were treated differently than others, with regard to everything from zoning to licensing to tax evaluation.  It would become the task of federal courts and juries, then, to inquire into the grounds for differential treatment and to decide whether those grounds were sufficiently reasonable to satisfy equal protection law.  This would constitute the federal courts as general-purpose second-guessers of the reasonableness of broad areas of state and local decisionmaking: a role that is both ill-suited to the federal courts and offensive to state and local autonomy in our federal system.

*Jennings*, 383 F.3d at 1210-1211 (citations omitted).

Plaintiff has relied on a recent case, *Jicarilla Apache Nation v. Rio Arriba County*, 440 F.3d 1202 (10th Cir. 2006), to assert that a different standard now applies in the Tenth Circuit.  The Court is not convinced in its analysis of *Apache Nation* that a new standard is now required by the Tenth Circuit or was so required in the past.  To the contrary, a careful reading of *Apache Nation* indicates that the court never reached the issue of whether or not ill-will, malice or animus was required.  Therefore, this Court cannot rely upon that case to determine whether or not a different standard applies.

Even if this Court were to rely on the standard asserted by plaintiff based on *Apache Nation*, it believes that defendants would only have to advance grounds for plaintiff's dismissal that are not irrational and wholly arbitrary.  Plaintiff has failed to overcome defendants' submissions in this regard.  A municipality must be allowed to set its own standards for the

carrying of firearms by its police officers. If that standard is higher than that of other communities, that is not an irrational and wholly arbitrary action on the part of that municipality. Further, requiring a police officer to qualify with the weapon that they have been issued is not irrational and wholly arbitrary in this Court's mind.

Relying on the standard of ill-will, this Court also finds that even accepting Ms. Nix's evidence as presented, she has failed to provide evidence of ill-will, malice or animus by any individual defendant. Ms. Nix concedes there was no ill-will by Chief Evans and Mr. Bakaly. As for Lieutenant Kirk, in light of the undisputed facts as to Ms. Nix's performance deficiencies that were noted upon her initial employment and subsequently as a probationary employee, Lieutenant Kirk's actions do not evidence ill-will, malice or animus, but rather an effort to deal with an employee with serious problems.

Although Ms. Nix cites to evidence to attempt to establish a factual dispute with regard to Lieutenant Kirk, none of her cited evidence ties to him and much of it is inadmissible hearsay. The only evidence cited by Ms. Nix that the Court could consider as relevant to this issue would be her representation as to what occurred in the meeting with Lieutenant Kirk that she contends occurred after she was hired. However, a careful analysis of Ms. Nix's own statement as to this meeting concludes only that Lieutenant Kirk said to her that he wanted her to know that if she did not work out during the six-months' initial probationary period, that she would not have a job. This does not evidence ill-will, malice or animus in the context of the situation. In fact, in contrast to her allegations, Ms. Nix's own deposition testimony shows that she answered "I don't know" when she was asked whether: (1) she was claiming that Lieutenant Kirk did not treat her

fairly for malicious reasons, (2) she was claiming that Lieutenant Kirk did not treat her fairly because he bore her some kind of personal ill-will, or (3) she was claiming that Lieutenant Kirk did not treat her fairly because he bore some kind of animosity toward her as an individual.  In short, this Court simply is not convinced that there is a disputed material issue of fact over the existence of malice or ill-will or animosity on the part of Lieutenant Kirk.

In addition to the foregoing, Ms. Nix has clearly failed to meet another required element of her claim, *i.e.*, that she was treated differently than other similarly situated individuals.  Courts, including the Tenth Circuit, have made it clear that this is an exacting standard, again in an effort to rein in or bring some semblance or reasonableness to class-of-one cases.  Ms. Nix has identified only Officer Mike Fierro as being similarly situated to herself.  However, the evidence shows that Officer Fierro was in fact not similarly situated to Ms. Nix.  The undisputed evidence shows that Officer Fierro qualified with his firearm within six and one-half months of being hired and that he was not removed from probation until after he qualified.  By contrast, Ms. Nix still had failed to qualify with her firearm after nine and one-half months of probation.  Further, Officer Fierro had only attempted to qualify once before he passed, whereas Ms. Nix had five failed attempts.

This Court further notes that the evidence justifies a conclusion that the decision by Mr. Bakaly as well as Chief Evans to terminate Ms. Nix's employment was based not only on the fact that she had failed to qualify with her firearm, but also on undisputed personnel problems with Ms. Nix.  There is no evidence that Officer Fierro had similar personnel issues or, indeed,

any personnel issues. Thus, Ms. Nix has failed to meet her burden to meet the exacting similarly situated standard with regard to a class-of-one case.

The Court therefore finds that no constitutional or statutory right was violated and the individual defendants are entitled to qualified immunity. Further, because there is no constitutional violation by the individual defendants, Ms. Nix's cause of action against the City must fail as well.

Based on the foregoing, and for good cause appearing, IT IS HEREBY ORDERED that:

(1) Defendants' Motion for Summary Judgment is granted;

(2) Plaintiff's lawsuit is dismissed with prejudice and on the merits.

DATED this 11th day of September, 2006.

BY THE COURT:

_____
Ted Stewart
United States District Court Judge